**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES CURRY, JR., # 082516**                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 3:21cv761-HTW-LGI**

**JOHN DOES, MASTER SERGEANT
WHITE, SERGEANT MCCARTER,
THOMAS STRAIT, BRION WATSON,
OFFICER PERADO, OFFICER HUNTER,
and OFFICER OLSEN**                                             **DEFENDANTS**

## ORDER DENYING RECONSIDERATION

BEFORE THE COURT is *pro se* plaintiff James Curry, Jr.'s Reconsideration Motion

[10].   He is a pretrial detainee at the Pearl River County Jail.   On December 17, 2021, the court

denied him pauper status and dismissed this case without prejudice.   On January 10, 2022,

Curry filed the instant motion, asking for "[r]econsideration" and an "exten[s]ion of time" to pay

the filing fee.   (Recons. Mot. at 1).   The court has considered the plaintiff's submission and the

relevant legal authority.   The motion is denied.

## DISCUSSION

Since the motion was filed within twenty-eight days of the final judgment, the motion

shall be treated as one under Federal Rule of Civil Procedure 59(e).   Fed. R. Civ. P. 59(e);

*Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989).   A Rule 59(e)

motion to amend judgment should not be granted unless there is: (1) an intervening change in

controlling law; (2) the availability of new evidence not previously available; and (3) the need to

correct a clear error of law or fact or to prevent a manifest injustice.   *Schiller v. Physicians Res.*

*Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).   Motions for reconsideration are not to be used to

relitigate old matters or to present evidence that could have been raised prior to entry of

judgment.   *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).   "Whatever may be

the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant

one additional chance to sway the judge."   *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625,

626 (S.D. Miss. 1990).

Curry does not argue that the court's ruling was in error or assert any other reason for

reconsideration of the Order Denying *in Forma Pauperis* Status and Dismissing Case Without

Prejudice [7].   Rather, Curry simply asks to be given until April 30, 2022 to pay the filing fee.

This case was dismissed without prejudice; therefore, the court finds no reason to grant the

request.   The motion to reconsider is not well taken and is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

*pro se* plaintiff James Curry, Jr.'s Reconsideration Motion [10] should be, and is hereby,

**DENIED**.

**SO ORDERED AND ADJUDGED**, this the 27th day of January, 2022.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

Order Denying Reconsideration
Civil action no. 3:21cv761-HTW-LGI          2